UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Salvador Sanchez, | ) | CASE NO. 3:07 CV 2166 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Khelleh Konteh, Warden | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Baughman., Jr. (Doc. 8) which recommends denial and/or dismissal of the Petition for Writ of Habeas Corpus pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Salvador Sanchez**,** commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied and/or dismissed. Petitioner filed Objections to the Report and Recommendation.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Following a plea of no contest to drug trafficking charges and engaging in a pattern of corrupt activity, petitioner was sentenced in 2005 to an aggregate prison term of 24 years by the Defiance County Court of Common Pleas.  Upon direct appeal, petitioner's sentence was vacated because, pursuant to the recently-decided decision of *State v. Foster,* 109 Ohio St.3d 1 (2006), the trial court had impermissibly made findings of fact.  Prior to *Foster*, Ohio law required that the trial court make certain findings before imposing a sentence beyond the presumptive minimum, or consecutive sentences. *Foster* found that these required findings violated the Sixth Amendment right to jury trial set forth in the Supreme Court decisions of *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). *Foster*, then, severed the offending portions of the Ohio statutes and gave trial judges full discretion to impose any sentence within the statutory range without making any findings of fact. Upon remand, and prior to re-sentencing, petitioner sought to withdraw his plea.  The motion was denied by the trial court which then imposed the same sentence.

Petitioner raises two grounds for habeas relief:

1. The sentence imposed in this case, of a non-minimum, consecutive
sentence for a person who had no prior prison time, was
unconstitutional for violation of his rights of presentment to a grand
jury, to trial by jury, and to proof beyond a reasonable doubt of

2

>essential facts without which such sentence could not be imposed.
>
>2. The plea in this case was not voluntarily made, in violation of federal rights to Due Process, such that the trial court should have allowed [petitioner] to withdraw his plea.

Petitioner argues in Ground One that the retroactive application of *Foster* to petitioner violates his right to Due Process, as interpreted by *Bouie v. City of Columbia,* 378 U.S. 347 (1964). The Magistrate Judge recognized that this argument has been repeatedly rejected by courts in this district as a basis for habeas relief, and that Ohio courts as well have rejected the arguments set forth by petitioner herein. Petitioner makes no further specific objection, but relies on his previous briefing on the issue. The Court agrees with the findings and conclusion of the Magistrate Judge and incorporates them herein by reference. Accordingly, the state appeals court decision following re-sentencing, which determined that Due Process was not violated, was not contrary to any clearly established federal law. On this basis, Ground One fails.

As to Ground Two, the Magistrate Judge found it to be procedurally defaulted or, in the alternative, meritless. Here, petitioner asserts that his plea was not voluntary as it was made in reliance on Ohio's pre-*Foster* sentencing structure. The Magistrate Judge found the claim to be procedurally defaulted because petitioner failed to raise it in his first appeal although he was aware that he had an argument as to whether his plea relied on a sentencing scheme that could soon be ruled unconstitutional. Regardless of whether the claim was defaulted, the Court agrees with the finding as to merit. The Magistrate Judge noted that petitioner suffered no Due Process injury by being re-sentenced under *Foster* because he already knew at the time he entered his plea both that he was subject to the maximum penalties for his offense and that the sentencing judge had authority to sentence up to the maximum. As the claim regarding withdrawal of the

plea is based on the assertion that petitioner entered his plea without knowledge of these things, there is no basis for finding that the plea was not voluntary. Again, the Court agrees with the Magistrate Judge's conclusions and incorporates his findings herein. Ground Two fails.

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of Habeas Corpus should be granted.

Furthermore, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at

4

484. In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated herein and in the Report and Recommendation, the Court does not find that petitioner has satisfied this showing. Accordingly, the Court declines to issue a certificate of appealability.

### **Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied.

IT IS SO ORDERED.

                                              /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
                                              United States District Judge

Dated: 3/4/09